UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BORDON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. SMILEY, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01500-DAD-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1 |

    Plaintiff Ricardo Bordon is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated cognizable deliberate indifference claims against defendants Doe, Smiley, and Smith. The court will recommend that plaintiff's remaining claims and defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

**I.    SCREENING AND PLEADING REQUIREMENTS**

    A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.     FACTUAL ALLEGATIONS[1]**

Plaintiff[2] is currently incarcerated at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California, and claims constitutional violations arising out of his incarceration at Mule Creek State Prison ("MCSP"). ECF No. 1 at 1-2. Plaintiff names five defendants: (1) Dr. D. Smiley, M.D., Chief Medical Officer at MCSP; (2) Dr. Christopher Smith, M.D., Chief Medical Officer at MCSP; (3) Dr. Gregory C. Tesluk, CDCR-contracted ophthalmologist at MCSP; (4)

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for screening purposes.
[2] Plaintiff states that "Edward B. Spencer" helped him prepare his complaint. ECF No. 1 at 6. A secondary cover page for his complaint states that "Edward Spencer" is the plaintiff in the caption. *Id.* at 7. The court assumes that plaintiff was using Spencer's cover-page template and failed to update the caption.

2

Doe,[3] an unknown primary care physician at MCSP; and (5) Modesto Eye Surgery, a medical business that employed Tesluk. *Id.* at 2, 8.

On March 10, 2015, defendant Tesluk performed a "cataract and implant surgery" on plaintiff's left eye. *Id.* ¶ 10. Following the surgery, plaintiff had pain and blurry vision in his left eye, lasting from April 2015 through December 2015. *Id.* ¶ 12. Plaintiff repeatedly requested that defendants Smiley and Smith refer him back to Tesluk for follow-up care, but they ignored his requests. *Id.* ¶¶ 11, 13.

Plaintiff saw Tesluk again on December 4, 2015. *Id.* ¶ 15. "Tesluk stated Plaintiff has developed a retina detachment in the left eye with central macula detached." *Id.* ¶ 16. "Tesluk recommended that plaintiff undergo repair of retina detachment with vitrectomy, scleral buckling, mechanical pupil dilation (because of his small pupil), and extended ophthalmoscopy in the left eye." *Id.* ¶ 17.

"[Doe], Smiley and Smith failed to submit [plaintiff's requests for services] (from 12//4/15 [through] 9/2016) to Defendant Tesluk, which caused Plaintiff to become completely blind in his left eye." *Id.* ¶ 18. Plaintiff also suffers pain in his left eye. *Id.* ¶ 19. At all relevant times, Doe, Smiley, and Smith were "aware that Plaintiff was in pain and having severe left eye pain and losing his vision of said eye, and they were aware of the serious medical risks that Plaintiff would be exposed to for ignoring/denying and delaying medical treatment for the pain and loss of complete vision in his left eye." *Id.* ¶ 21.

## III. DISCUSSION

### A. Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation

---

[3] Plaintiff refers to the fourth defendant as "Unknown # 1." ECF No. 1 at 2. We will call this defendant "Doe."

3

requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

Defendants are state-prison employees: a doctor contracted by the state and an organization contracted by the state that, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff has sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that defendants Doe, Smiley, Smith, and Tesluk personally participated in or caused the alleged deprivations. Plaintiff alleges that Doe, Smiley, Smith personally denied him healthcare that he required. ECF No. 1 ¶¶ 12-13, 18. Plaintiff alleges that Tesluk performed a surgery that may have injured his left eye. *Id.* ¶ 10.

Plaintiff does not plausibly allege that defendant Modesto Eye Surgery personally participated in or caused the alleged deprivations; instead, plaintiff relies on an insufficient theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, defendant Modesto Eye Surgery must be dismissed.

The remaining question is whether defendants Doe, Smiley, Smith, and Tesluk's alleged actions violated federal law.

**B. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotation marks omitted)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on

5

appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here, the court finds that plaintiff has stated deliberate indifference claims against defendants Doe, Smiley, and Smith. Plaintiff's allegations satisfy the first prong because the pain and loss of vision in his left eye constitute a serious medical need. ECF No. 1 ¶ 19. Plaintiff's allegations satisfy the second prong because (1) defendants were aware of plaintiff's need, but nonetheless decided to withhold medical treatment, *id.* ¶ 21; and (2) defendants' actions caused plaintiff harm, *id.* ¶ 18.

The court finds that plaintiff has not stated a deliberate indifference claim against defendant Tesluk because his allegations do not satisfy the second prong. Specifically, plaintiff has not stated that Tesluk was aware of any risk to plaintiff or intentionally withheld care from plaintiff. Indeed, plaintiff's allegations indicate that his primary care physicians refused to refer plaintiff to Tesluk for follow-up care. *Id.* ¶¶ 12-13, 18. And even assuming Tesluk's care was negligent or violated the standard of care, this is not sufficient to state a deliberate indifference claim. See *Toguchi*, 391 F.3d at 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

**IV.     CONCLUSION**

The court has screened plaintiff's complaint and finds that plaintiff has stated deliberate indifference claims against defendants Doe, Smiley, and Smith. The court will recommend that plaintiff's remaining claims and defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her

own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**V.     RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states deliberate indifference claims against defendants Doe, Smiley, and Smith.
2. Plaintiff's remaining claims and defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.

7

| | |
|---|---|
| 1 |     3. If plaintiff files an amended complaint, defendants Doe, Smiley, and Smith should not |
| 2 |         be required to respond until the court screens the amended complaint. |

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 6, 2019                                        */s/ Jeremy Peterson*
                                                                                        UNITED STATES MAGISTRATE JUDGE

No. 203